# EXHIBIT "A"

## Certified Copy of State Court File
## Index of State Court Action

## Case No. 16-01672-158

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JALEA SHAKESNIDER** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** 4:16-cv-228 |
| | § | |
| **C. R. ENGLAND, INC.** | § | |
| *Defendant.* | § | |

## INDEX OF STATE COURT FILE

| EXHIBIT | FILED | DOCUMENT |
|---------|-------|----------|
| **A** | | |
| **A-1** | | Certified Copy of Court's Case Summary in Case No. 16-01672-158, in the 158th Judicial District Court of Denton County, Texas |
| **A-2** | 03/01/16 | Plaintiff's Original Petition and Rule 194 Request for Disclosure |
| **A-3** | 03/02/16 | Citation – TRC 99 and 106 for C R. England |
| **A-4** | 03/04/16 | Return of Service on C.R. England |

# EXHIBIT "A-1"

**Certified Copy of Court's Case Summary in
Case No. 16-01672-158
158th J. D. Court of Denton County, Texas**

# 158TH JUDICIAL DISTRICT COURT
# CASE SUMMARY
## CASE NO. 16-01672-158

| | | |
|---|---|---|
| Jalea Shakesnider | § | Location: **158th Judicial District Court** |
| VS | § | Judicial Officer: **Burgess, Steve** |
| C.R. England, Inc. | § | Filed on: **03/01/2016** |
| | § | |

---

### CASE INFORMATION

Case Type: **Injury/Damages - Motor Vehicle**

Case Status: **03/01/2016 Active**

Case Flags: **Jury Fee Paid**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 16-01672-158 |
| Court | 158th Judicial District Court |
| Date Assigned | 03/01/2016 |
| Judicial Officer | Burgess, Steve |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Shakesnider, Jalea** | **Johns, Christopher K.** *Retained* 713-739-1015(F) 713-739-1010(W) |
| **Defendant** | **C.R. England, Inc.** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 03/01/2016 | Plaintiff's Original Petition *and Rule 194 Request for Disclosure* |
| 03/02/2016 | Jury fee paid *(This entry only represents the payment of the jury fee - not a document filed with the clerk.)* By: Plaintiff Shakesnider, Jalea |
| 03/02/2016 | **Citation** C.R. England, Inc. Served: 03/03/2016 10:15 PM Return Date/Time: 03/04/2016 11:34 AM *eserved envelope #9388024* |
| 03/04/2016 | Service Returned *Citation for C.R. England Inc.* |

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE

SHERRI ADELSTEIN
DENTON COUNTY CLERK

3-22-16
Date    By: _____  Deputy Clerk

---

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Plaintiff** Shakesnider, Jalea | | | |
| Total Charges | | | 330.00 |
| Total Payments and Credits | | | 330.00 |
| **Balance Due as of 3/22/2016** | | | **0.00** |
| 03/02/2016 | Charge | Plaintiff Shakesnider, Jalea | 330.00 |
| 03/02/2016 | TexFile Payment   Receipt # 2016-5617 | Plaintiff Shakesnider, Jalea | (330.00) |

# EXHIBIT "A-2"

## Plaintiff's Original Petition and Rule 194 Request for Disclosure

FILED: 3/1/2016 3:13 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

CAUSE NO. 16-01672-158

| JALEA SHAKESNIDER | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| Vs. | § | DENTON COUNTY, TEXAS |
| | § | |
| C.R. ENGLAND, INC. | § | _____ JUDICIAL DISTRICT |
| Defendant | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION AND
## RULE 194 REQUEST FOR DISCLOSURE

TO THIS HONORABLE COURT:

   Plaintiff JALEA SHAKESNIDER files this Original Petition and Rule 194 Request for Disclosure and respectfully shows this Court the following:

### I.
### Discovery Control Plan

1.   Discovery in this case will proceed under Level 2.

### II.
### Parties

2.   Plaintiff JALEA SHAKESNIDER is an individual residing in Houston, Harris County, Texas.

3.   Defendant C.R. ENGLAND, INC. ("C.R. England") is a foreign corporation whose principal office is in Salt Lake City, Utah. It can be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.
### Venue



4.     The events and omissions giving rise to this claim occurred in this county; therefore, venue is proper in this Court pursuant to Section 15.002(a)(1), Tex. Civ. Prac. & Rem. Code.

## IV.
### Facts

5.     On the morning of August 16, 2015, Ms. Shakesnider was driving her 2006 Toyota Scion southbound in the left lane of 900 N I35 East.  Rosalyn Walker was driving a 2016 Freightliner tractor-trailer in the center lane next to Ms. Shakesnider.  Walker failed to drive in a single lane and swerved over in to Ms. Shakenider's lane and collided into her vehicle, causing her to spin almost 360 degrees and end up facing oncoming traffic.  According to witnesses, Walker had been swerving in and out of her lane of travel for several miles prior to the collision, and had almost collided into another vehicle while changing from the left land to the center lane.

6.     The vehicle Walker was driving at the time of the collision was owned by C.R. England, and C.R. England permitted Walker to drive the vehicle in the course and scope of her employment with C.R. England.  The crash caused serious injuries to Ms. Shakesnider's neck and back.  She is still being treated for these injuries.

## V.
### Causes of Action

**A.     Negligence and Negligence Per Se**

7.     Ms. Shakesnider incorporates the preceding paragraphs of this Petition as if set forth fully below.

8.     At the time of the incident, Walker was operating the vehicle negligently.  Walker had a duty to exercise ordinary care and operate the vehicle reasonably and prudently.



Walker's negligence was the proximate cause of Ms. Shakesnider's injuries.   Walker breached that duty in one or more of the following ways:

    a.     Failing to drive in a single lane;

    b.     Changing lanes when unsafe;

    c.     Failing to yield the right of way;

    d.     Failing to maintain a proper lookout;

    e.     Failing to timely apply the brakes;

    f.     Failing to control her speed; and

    g.     Failing to turn the vehicle to avoid the collision.

9.     Each of the foregoing acts and/or omissions proximately caused Ms. Shakesnider's damages.  Walker's acts also constitute negligence per se, as her actions were a direct and unexcused violation of Texas traffic laws, and Ms. Shakesnider is a member of the class protected by those laws.

10.     C.R. England employed Walker at the time of the incident, and Walker was at all relevant times acting in the course and scope of her employment with C.R. England.  The acts of negligence committed by Walker arose directly out of and were done in prosecution of the business that she was employed to do by C.R. England, who is therefore liable under the doctrine of Respondeat Superior for the negligent actions of Walker.

**B.**    **Negligent Entrustment**

11.     C.R. England entrusted its vehicle to Walker.  C.R. England knew or should have known that Walker was an incompetent or reckless driver.  As discussed above, Walker's

3



negligence caused the incident in question, and proximately caused Ms. Shakesnider's damages.

**C.      Negligent Hiring**

12.      C.R. England owed Ms. Shakesnider a legal duty to use ordinary care in determining whether a prospective employee is competent to be hired.  C.R. England breached that duty with regard to Walker.  This breach proximately caused Ms. Shakesnider's damages.

**D.      Negligent Supervision**

13.      C.R. England owed Ms. Shakesnider a legal duty to use ordinary care in adequately supervising its employees.  C.R. England breached that duty with regard to Walker.  This breach proximately caused Ms. Shakesnider's damages.

**E.      Negligent Retention**

14.      C.R. England owed Ms. Shakesnider a legal duty to use ordinary care in retaining its employees.   C.R. England breached that duty with regard to Walker.   This breach proximately caused Ms. Shakesnider's damages.

**F.      Negligent Training**

15.      C.R. England owed Ms. Shakesnider a legal duty to use ordinary care in adequately training its employees.  C.R. England breached that duty with regard to Walker.  This breach proximately caused Ms. Shakesnider's damages.

**VI.**
**Jury Demand**

16.      Ms. Shakesnider demands a jury trial and has tendered the appropriate fee.

**VII.**
**Damages**

4



17.    Ms. Shakesnider seeks monetary relief over $200,000, but not more than

$1,000,000. TEX. R. CIV. P. 47(c)(4).

### VIII.
### Prayer

18.    For these reasons, Plaintiff asks that Defendant be cited to appear and answer, and

that she have judgment against Defendant for the following:

    a.    Actual damages for

        (1)    past and future pain and suffering

        (2)    past and future mental anguish

        (3)    physical disfigurement

        (4)    physical impairment

        (5)    past and future medical expenses

        (6)    past and future loss of earning capacity

        (7)    loss of consortium

        (8)    loss of household services

        (9)    property damage related to the vehicle she was driving at the time of

the collision;

    b.    Exemplary damages;

    c.    Pre-judgment and post-judgment interest;

    d.    Court costs; and

    e.    All other relief to which she is justly entitled.

### IX.
### Request for Disclosure under Rule 194



5

19.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff request that Defendant

disclose, within 50 days of the service of this request, the information and material described

in Rule 194.2(a)-(k), TEX. R. CIV. P.

Respectfully submitted,

**LAPEZE & JOHNS, P.L.L.C.**

By: _____
Christopher K. Johns
Texas Bar No. 24002353
E-mail:  chris@lapezejohns.com
601 Sawyer St, Suite 650
Houston, Texas 77007
Tel.  (713) 739-1010
Fax.  (713) 739-1015

ATTORNEYS FOR PLAINTIFF



# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____  **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** Jalea Shakesnider v. C.R. England
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Taylor Shipman
Email: taylor@lapezejohns.com
Address: 601 Sawyer Street, Suite 650
Telephone: 713-739-1010
City/State/Zip: Houston, Texas 77007
Fax: 713-739-1015
Signature: Taylor Shipman
State Bar No: 24079323

### Names of parties in case:
Plaintiff(s)/Petitioner(s): Jalea Shakesnider
Defendant(s)/Respondent(s): C.R. England

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
☑ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract — Debt/Contract**
☐ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract:
*Foreclosure*
☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery ☐ Construction ☐ Defamation
*Malpractice:* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability:
☑ Motor Vehicle Accident ☐ Premises
*Product Liability:* ☐ Asbestos/Silica ☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property:

**Related to Criminal Matters**
☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus—Pre-indictment ☐ Other:

**Employment**
☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment:

**Other Civil**
☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other:

### Family Law

**Marriage Relationship**
☐ Annulment ☐ Declare Marriage Void
*Divorce* ☐ With Children ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement ☐ Modification—Custody ☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order

**Other Family Law**
☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other:

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child:

**Tax**
☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration:* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings
☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

CAUSE NO. _____

| | | |
|---|---|---|
| JALEA SHAKESNIDER | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| Vs. | § | DENTON COUNTY, TEXAS |
| | § | |
| C.R. ENGLAND, INC. | § | ____ JUDICIAL DISTRICT |
|     Defendant | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF JALEA SHAKESNIDER'S FIRST SET OF COMBINED DISCOVERY TO DEFENDANT C.R. ENGLAND, INC.

TO:    Defendant, C.R. ENGLAND, INC., by and through its registered agent, CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

       Pursuant to the Texas Rules of Civil Procedure, Plaintiff Jalea Shakesnider serves the following First Set of Combined Discovery upon Defendant C.R. England, Inc.

       As to the Interrogatories and Requests for Admission, you are requested to serve within fifty (50) days, unless a longer time is agreed to by counsel or ordered by the Court, written responses and objections to these Interrogatories, in accordance with the Texas Rules of Civil Procedure, at the offices of Lapeze & Johns, P.L.L.C.

       As to the Requests for Production of Documents, you are requested to provide a written response to be served within fifty (50) days from receipt hereof, in accordance with the Texas Rules of Civil Procedure. Plaintiff further requests that you produce for inspection and copying the documents and other tangible things specified below at the offices of Lapeze & Johns, P.L.L.C. 601 Sawyer, Suite 650, Houston, Texas 77007, or at such other time and place as agreed between counsel.

1



Respectfully submitted,

**LAPEZE & JOHNS, P.L.L.C.**

By: _____
Christopher K. Johns
Texas Bar No. 24002353
E-mail:  chris@lapezejohns.com
601 Sawyer Street, Suite 650
Houston, Texas 77007
Tel.  (713) 739-1010
Fax.  (713) 739-1015

ATTORNEYS FOR PLAINTIFF

2



## DEFINITIONS AND INSTRUCTIONS

(a)     As used herein, the singular includes the plural, and the masculine pronoun includes the feminine pronoun, and vice versa.

(b)     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

(c)     "YOU" and "YOUR":  The terms "you" and "your" shall mean **C.R. England, Inc.** ("**C.R. England**"), your attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on your behalf, whether authorized or not.

(d)     "**DEFENDANTS**" shall mean **C.R. England, Inc. ("C.R. England")**, and their attorneys, officers, directors, employees, agents, and all other persons or entities acting or purporting to act on their behalf, whether authorized or not.

(e)     "**PLAINTIFF**" shall mean **Jalea Shakesnider.**

(f)      "**PERSONS**":  The term "persons" shall include individuals, and every type of entity, whether formed for business purposes or not.

(g)     "**DOCUMENTS**":  The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist.  This would include documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, including, but not limited to, e-mail. The term also includes codes and programming instructions and other materials necessary to understand such system.

The term includes, but is not limited to:  calendars, checkbooks, agendas, agreements, analyses, bills, invoices, records of obligation and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memoranda recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

(h)     If you claim a privilege or exemption from discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the merit of the objection can be determined.  In this event, the parties may discuss the

3



merits of the objection and determine whether a Court determination on the objection will be necessary.

(i)   "CONCERNING" or "CONCERNS" includes, but is not limited to, the following meanings: relating to, referring to, pertaining to, regarding, constituting, discussing, mentioning, containing, reflecting, evidencing, referencing, involving, arising out of, describing, displaying, showing, and identifying.

(j)   "IDENTIFY" or "IDENTIFICATION":

   (1)   **As to a person**: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.

   (2)   **As to an entity**: The terms "identify" or "identification" when used in reference to an entity, such as a corporation, partnership or association, means to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

   (3)   **As to a document**: When used in reference to a document, the terms "identify" or "identification" shall include the following:

      a.   The title, heading or caption of such document;

      b.   The name appearing on such document, or, if no name appears, the approximate date on which the document was prepared;

      c.   A general description of the document;

      d.   The name of the person who signed the document or a statement that it was unsigned;

      e.   Name of the person or persons who prepared the document;

      f.   Name of the person or persons to whom the document was addressed and to whom the document was sent; and

      g.   The physical location of the document.

(k)   The "Vehicle" refers to the 2016 Freightliner tractor-trailer that Rosalyn Walker was operating at the time of the incident made the basis of this case, as referenced in Plaintiff's Original Petition and defined below.

4



(l)     The "Incident" refers to the collision made the basis of this case that occurred on August
        16, 2015 involving the Vehicle and Plaintiff's vehicle, as discussed in Plaintiff's Original
        Petition and all amending petitions.



## PLAINTIFF JALEA SHAKESNIDER'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1

Identify each Person answering these interrogatories, supplying information, or assisting in any way with the preparation of these answers to these interrogatories.

**ANSWER:**

### INTERROGATORY NO. 2

Identify each Person who is expected to be called to testify at trial, including Your experts.

**ANSWER:**

### INTERROGATORY NO. 3

Please state the name and address of all witnesses to the Incident or who profess to have personal knowledge of the occurrence that are known to You or Your agents, attorneys, or representatives.

**ANSWER:**

### INTERROGATORY NO. 4

Describe in detail any conversations You have had with the Plaintiff or any representative of the Plaintiff following the Incident.

**ANSWER:**

### INTERROGATORY NO. 5

Please identify whether written or recorded statements were obtained from Plaintiff or witnesses regarding the Incident by You or Your agents, employees, or servants and, if so, please state the following:

    a.) The name and address of the person whose statement was taken;
    b.) The date the statement was taken;
    b.) The place where the statement was taken;
    c.) The manner in which the statement was taken and preserved; and
    d.) The name and address of the person who has possession of the statement.

6



**ANSWER:**

**INTERROGATORY NO. 6**

Are You the legal owner of the Vehicle involved in the Incident?

**ANSWER:**

**INTERROGATORY NO. 7**

Please state whether Rosalyn Walker was acting within the scope of his employment with You at the time of the Incident.

**ANSWER:**

**INTERROGATORY NO. 8**

Please state whether You had in effect on or about August 16, 2015 a policy of automobile insurance covering the Incident. If so, please state the following:

      a.) The number or numbers of such policies;
      b.) The individuals covered by the policies;
      c.) The types of coverage and the dollar amount of each coverage category provided by the policies;
      d.) The make, model, and year of the motor vehicles covered by the policies; and
      e.) The amount of the deductible under the policies, if any; and the effective dates of the policies.

**ANSWER:**

**INTERROGATORY NO. 9**

Describe in detail any conversations You have had with an insurance company or any of its agents regarding the Incident.

**ANSWER:**

**INTERROGATORY NO. 10**

Please state where Rosalyn Walker was driving to on August 16, 2015, just prior to the Incident.

**ANSWER:**

7



**INTERROGATORY NO. 11**

Please state whether Rosalyn Walker had a mobile device in his possession at the time of the Incident, and if so, please provide the telephone number, service provider, and the name on the account for each and every mobile device in his possession.

**ANSWER:**

8



## PLAINTIFF JALEA SHAKESNIDER'S FIRST SET OF REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1

Admit that You had an insurance policy in effect on August 16, 2015.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2

Admit that Rosalyn Walker was employed by You on August 16, 2015.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3

Admit that You owned the Vehicle being driven by Rosalyn Walker on August 16, 2015.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4

Admit that the parties to this lawsuit are the proper parties to this lawsuit.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5

Admit that You know of no other parties that should be brought into this lawsuit.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 6

Admit that You are correctly named in this lawsuit.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 7

9



Admit that Rosalyn Walker was acting within the scope of his employment with You on August 16, 2015.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8**

Admit that while driving the Vehicle, Rosalyn Walker struck Plaintiff's vehicle on August 16, 2015.

**RESPONSE:**



## PLAINTIFF JALEA SHAKESNIDER'S FIRST SET OF
## REQUESTS FOR PRODUCTION

1.  Produce the title to the Vehicle.

**RESPONSE:**

2.  Produce all photographs or videos of the Vehicle, the vehicle Plaintiff was in at the time of the Incident, and the scene of the Incident.

**RESPONSE:**

3.  Produce the damage appraisal of the Vehicle.

**RESPONSE:**

4.  Produce the invoices or receipts for repairs to the Vehicle.

**RESPONSE:**

5.  Produce all drawings, maps, or sketches of the scene of the Incident.

**RESPONSE:**

6.  Produce all photographs or videotapes of Plaintiff.

**RESPONSE:**

7.  Produce the peace officer's report or other report of any governmental agency relating to the Incident.

**RESPONSE:**

8.  Produce all documents relating to any inspection, maintenance, or repairs performed on the Vehicle within the past three years.

**RESPONSE:**

9.  Produce the personnel or employment file of Rosalyn Walker, the driver who was operating the Vehicle at the time of the Incident.

**RESPONSE:**

10. Produce all documents reflecting your inquiry into Rosalyn Walker's qualifications and driving record prior to your hiring him and the results of that inquiry.



**RESPONSE:**

11.     Produce all documents reflecting your inquiry into Rosalyn Walker's criminal background prior to your hiring him and the results of that inquiry.

**RESPONSE:**

12.     Produce all documents reflecting Rosalyn Walker's job performance while employed by you, including but not limited to any reprimands or disciplinary action he has received or complaints from the public.

**RESPONSE:**

13.     Produce all documents showing, reflecting, or relating to any other motor vehicle collision(s) that any of your employees have been involved in while driving any of your vehicles over the past three years.

**RESPONSE:**

14.     Produce all correspondence between you and your insurance carrier(s) over the past three years related to motor vehicle collisions involving your vehicles.

**RESPONSE:**

15.     Produce all contracts and agreements between you and any other person or entity that were in effect at the time of the Incident, and pursuant to or under which Rosalyn Walker was operating the Vehicle at the time of the Incident.

**RESPONSE:**

16.     Produce all documents showing, reflecting, or relating to Rosalyn Walker's job duties or assignments on the day of the Incident.

**RESPONSE:**

17.     Produce all documents showing, reflecting, or relating to any indemnity or similar obligations by and between you and any other person or entity relating to the work Rosalyn Walker was performing at the time of the Incident.

**RESPONSE:**

18.     Produce all insurance and/or indemnity agreements under which there could be insurance coverage for the Incident.  This includes all commercial liability, automobile, and excess policies.  This also includes any policies or agreements in which you are identified as an additional insured under another entity's or person's insurance policy.

**RESPONSE:**



19.   Produce all documents showing, reflecting, or relating to any medical payments you have made on behalf of Plaintiff.

**RESPONSE:**

20.   Produce all documents showing, reflecting, or relating to any communications with the entity or individual responsible for taking the photographs of the vehicle the Plaintiff was in on or about August 16, 2015.

**RESPONSE:**

21.   Produce all documents showing, reflecting, or relating to any communications between you and Plaintiff.

**RESPONSE:**

22.   Produce all documents showing, reflecting, or relating to any investigation that was conducted regarding the Incident.

**RESPONSE:**

23.   Produce all documents reflecting or relating to your policies and/or procedures pertaining to your employees or contractors operating motor vehicles on your behalf.

**RESPONSE:**



# LAPEZE & JOHNS PLLC
### Trial Attorneys

February 29, 2016

***Via E-File***
Ms. Sherri Adelstein
Denton County District Clerk
1450 East McKinney Street
Denton, Texas 76209

Re:  Cause No. _____; *Jalea Shakesnider v. C.R. England, Inc.;* In the _____ Judicial
District Court of Denton County, Texas.

Dear Ms. Adelstein:

Enclosed please find the following documents for filing in the above-referenced matter:

**1.) Plaintiff's Original Petition and Rule 194 Request for Disclosure**
**2.) Civil Case Information Sheet**
**3.) Plaintiff's First Set of Combined Discovery to Defendant C.R. England, Inc.**

I would appreciate you filing this Petition and issuing a citation for the Defendant to be
served the Petition and Discovery at the address indicated in Section II. We have paid the filing
fee, which includes the cost of issuance of citation on the Defendant, via our E-filing service
provider. Please notify me when the citation is ready for pick-up by our courier, Easy Serve.

If any further funds are needed as filing costs in this matter please notify us immediately
so that we may provide you a supplement check.

Thank you for your assistance in this matter.

Sincerely,

*Norma Cruz*

Norma Cruz
Legal Assistant

Enclosures

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
3-22-16  By:_____ Deputy Clerk
Date

601 Sawyer Street  |  Suite 650  |  Houston Texas 77007  |  Tel 713 739 1010  |  Fax 713 739 1015  |  www.lapezejohns.com

# EXHIBIT "A-3"

## Citation – TRC 99 and 106 For C.R. England

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                    COUNTY OF DENTON

### CAUSE NO. 16-01672-158

**TO: C.R. England, Inc. by serving CT Corporation System at 1999 Bryan St Ste 900 Dallas TX 75201-3136; (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 158th Judicial District Court<br>1450 E. McKinney, 3rd Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 16-01672-158 |
| Date of Filing: | March 01, 2016 |
| Document: | Plaintiff's Original Petition and Rule 194 Request for Disclosure |
| Parties in Suit: | Jalea Shakesnider; C.R. England, Inc. |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Christopher K. Johns<br>601 Sawyer St., Ste. 650, Houston, Tx. 77007 |

Issued under my hand and seal of this said court on this the 2nd day of March, 2016.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

BY: _____ *S. M'Cutcheon* _____, Deputy .
Shelley McCutcheon

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the  within  named

_____

_____ in person  a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition and Rule 194 Request for Disclosure,   at

_____.

Service Fee: $ _____        _____ Sheriff/Constable
                                    _____ County, Texas

Service ID No. _____     _____
                                    Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.
Subscribed and sworn to before me on this the _____ day  of _____, 20___
_____ Notary Public

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE

SHERRI ADELSTEIN
DENTON COUNTY CLERK

3-22-16   By: _____
Date                          Deputy Clerk

# EXHIBIT "A4"

## Return of Service on C.R. England

FILED: 3/4/2016 11:34:08 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Emily Spivey, Deputy

## CAUSE NO. 16-01672-158

JALEA SHAKESNIDER,          §
**PLAINTIFF**                §
                            §          IN THE 158TH DISTRICT COURT
VS.                         §
                            §          DENTON COUNTY, TX
C.R. ENGLAND INC.,          §
**DEFENDANT**               §
                            §

### RETURN OF SERVICE

**ON Wednesday, March 02, 2016 AT 11:03 AM** - CITATION, PLAINTIFF'S ORIGINAL
PETITION AND RULE 194 REQUEST FOR DISCLOSURE, PLAINTIFF JALEA SHAKESNIDER'S
FIRST SET OF COMBINED DISCOVERY TO DEFENDANT C.R. ENGLAND, INC. **CAME TO
HAND.**

**ON Thursday, March 03, 2016 AT 10:15 PM, I, DON ANDERSON, PERSONALLY
DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** C.R. ENGLAND INC., C/O
REGISTERED AGENT CT CORPORATION SYSTEM, BY DELIVERING TO KAILEN
JOHNSON, INTAKE SPECIALIST, 1999 BRYAN ST. STE. 900, DALLAS, DALLAS
COUNTY, TX 75201.

My name is DON ANDERSON. My address is 1201 Louisiana, Suite 370, Houston, Texas
77002, USA. I am a private process server authorized by and through the Supreme Court of
Texas (SCH 4232, Expires Friday, August 31, 2018). My date of birth is July 14, 1956. I am in
all ways competent to make this statement, and this statement is based on personal knowledge.
I am not a party to this case, and have no interest in its outcome. I declare under penalty of
perjury that the foregoing is true and correct.

Executed in Dallas County, Texas on Thursday, March 03, 2016.

**/S/ DON ANDERSON**

DocID: P235138_1

SHAKESNIDER

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
3-22-16   By: _____
Date                    Deputy Clerk